If it please the court, Francesca Frichero on behalf of Chad Stephen Wilson, I intend to save two minutes and rebuttal. As I said, you better watch it because we'll probably take you over. Mr. Wilson asked this court to reverse the district court's order denying his motion to suppress evidence because the evidence was seized in a warrantless search of his closed backpack in a car that was parked in a commercial parking lot after the driver of that car had been arrested and given consent to search the car. When the officer was searching that car, the other two occupants of it had already been detained and they were on the curb in front of the car. The parking lot is depicted in exhibit 138, in ER 138 for the court's information. When the officer was searching the car, the driver was handcuffed in a patrol car. The other two were detained on the curb outside the car, not handcuffed. When the officer was searching the car and the search was – nobody doubts that the search was legal because there was consent. Correct. Could the officer have opened the glove compartment to look inside? I believe he could have, yes, because he had the driver's consent to search the car. And he did have the driver's consent? He did. So – and when the officer searched the car, he didn't know whose backpack it was, right? That's correct. Could he have opened the backpack? It's not really a backpack, I take it. It's a drawstring sort of backpack. Could he have opened that inside the car? Instead of taking the time to learn whose it was? Yeah. I mean, it seems to me if the law says he could open the glove compartment and look in it, it's probably also true that he could have opened the backpack to look in it. So I'm trying to figure out whether or not his ability to do so somehow dissipated because he took the backpack outside the car. I think in this case he could have searched the glove compartment because the driver of the car is typically also the one in control of the glove compartment. But this backpack was behind the driver's seat, and the only occupant of the rear seat of the car was Mr. Wilson. So you don't think he could have opened the backpack inside the car? I don't think he could have. So let's assume, as the record shows, there was a firearm inside the backpack. Yes. Were the officers required to put – and they sent somebody away. They sent the third passenger away, let him drive the car away. Didn't they have some right to search what was in the car before they put somebody back in it, perhaps with a live weapon in it? I believe that – well, the facts could have developed differently than they did, depending on what they were going to do with the car. Our contention is that they could have seized that backpack long enough to obtain a warrant to call from the scene in order to see if the court would authorize the search of the backpack. I believe that the officers could take any step, any cursory view – excuse me, any cursory look inside the car before they release that to a third party. But at that point, when they're releasing everyone, if they had chosen to leave the backpack inside the car, I don't think they had – they didn't have to look in that backpack. But as I understood it, the backpack was in the car. It was just behind the driver's seat? That's correct, Your Honor. And do you think just because it was behind the driver's seat and yet in the car, somehow the officers couldn't have searched the backpack while in the car? I mean, the problem comes in that it seems to me the testimony is that this backpack was put in a safe place. Now, a safe place, I don't know what that meant exactly, so I was reading it very carefully. Was it put there because it was safe, or was it safer than trying to search it while leaning into the car? Because it seems to me that's the testimony, that it was safer than trying to search it while leaning into the car, because it could have been searched in the car, in my view. So if you'd respond. Well, Your Honor, first, it wasn't argued below that the officer had that authority. It was conceded that the driver's consent to search the automobile did not extend to consent to search the backpack. But had it not been, even if it had been argued below, that I'm — Well, I guess I'm not sure whether it was because argued or not argued below makes any difference. My worry here, especially in this particular matter, is that I'm going to give discretion to the district judge for finding facts, but I'm not necessarily going to give discretion to the district judge for the law. So that's why I'm asking you the question. Then I would back up and analyze it as whether a search incident to the driver's arrest would have authorized the search of that backpack behind the seat. And I don't believe the search incident to arrest would have extended to that backpack. Because then you have a Gantt situation there. The driver himself is in the back of the police car. The difficulty here is that we have two other people. So I'm still trying to get at my sort of first question. I don't think the driver consented to the search of the backpack. I believe that's quite correct that no one argued that below. But if you come into my house and I consent to a search of a room, do the police have the ability to open the drawers in that room? Yes. And, see, that's so for me the difficulty, and I'd ask you to respond to it, is that once he consented to the search of the driver's compartment of the car, why weren't the police entitled inside that compartment to just open up things to make sure there were no weapons there? Well, your hypothetical asks about drawers in the room where consent to search had been given. I think it would be different if there was a purse or a suitcase in that room. Okay. Fair enough. So there's a purse. Somebody consents to a search of a room and there's a purse there. The police are not entitled to open it up to just make sure there's no weapon in it? That's correct. We have cited cases in the briefs as well about, for example, someone who gave consent to search the passenger compartment of his rental car, and it was not found to extend to search the purse that was found in the rental car. So a person has an expectation of privacy in an item like a purse or a backpack, even though it's located inside an area where someone else has control of the room. But now you're talking about consent again, and, see, that's the problem. I agree with you that the consent didn't extend to the search of the item. I'm just trying to figure out once legally inside a place to search, why the officers aren't entitled to at least make sure there are no weapons in there. Well, and under Schimel, I think that they would be able to look inside any container nearby when the person is being arrested as a search incident to arrest. And my argument in this case would be that the search incident to arrest exception wouldn't apply to that backpack incident to the arrest of the driver. What about incident to the arrest of your client? Well, he wasn't arrested formally, and by the time that search of the backpack occurred, he was detained outside the car on the curb in front of the car. He was at least Terry detained outside the car, wouldn't you agree? He was at least Terry detained, yes, sir. Okay. Why wasn't it incident to that Terry stop? Because it was not within reaching distance of him or the other detainee at the time of arrest or the time of detention. And the interesting part is the officer even commented on how hard it was to get Mr. Wilson out of the backseat. It's at ER 23. She describes that back there it's awkward to get in and out of that place. So he gets out of that car. He's patted down. She retrieves and secures two knives, and he's directed to sit on the curb in front of the car. And it's a two-door car with the doors open, so presumably between the detainees and the car. That backseat behind the driver is not within anyone's reach. Is the testimony about where he was asked to stand conflicting? I don't believe that at the time the backpack was found there's any conflict in the testimony. There seems to be some conflict later about whether he was behind the car or on the curb or. There's some conflict or there's difference in testimony of the two officers about where everyone was when Officer Bryson was searching the backpack when he had already put it on the hood of his patrol car. As I understand it, your client was not cuffed. He was never physically contained. And he was at best 10 to 15 feet from the officers. At the time that the officer had already secured the backpack on his patrol car. That's the correct distance. But what do I do with Ross? Seems to me like Ross as searches of vehicles with probable cause that the vehicle contains contraband. The officers may open and search containers found in the vehicle. My answer is that in this case there was no probable cause that that container contained contraband. The government originally tried to argue that there was meth inside that bag, but they conceded that that argument was not meritorious in the district court. And with the court's permission, may I save my 40 seconds for rebuttal? You bet. Thank you. Bill Heer for the government. Thank you. Good morning. May it please the court, I'm Hannah Horsley, and I represent the United States. I believe the court's questions go really to the heart of the matter here, which was the officers come upon a situation. They have to make decisions in the field about their own safety and the safety of the public in this very small parking lot where people are coming and going. It's dark.  And by now the officers have found four different weapons on each of the individual occupants of the car. The front seat passenger had one that he dropped during the initial encounter with Officer Carriage and kicked out of the way as if he was hiding it. The driver had one that was between the seat where he was seated and the door that the officers found when they removed him to arrest him. And Mr. Wilson had not only the one he admitted to the officer and told the officer he had at the time he was patted down, but a second knife that he had not revealed or reported to the officer. Let me ask you about just focusing on Mr. Wilson for a second. Do you agree that the police had probable cause to arrest him before searching the backpack? I do, Your Honor. So what consequence does it have that they didn't actually decide to arrest him and put him in the back of the car? I'm worried a little bit about manipulation of Gant. Had they arrested him and placed him in the back of a patrol car, we'd have the Gant situation, wouldn't we? We would, Your Honor. So instead they keep him on the curb and they don't handcuff him and they keep searching. And now you've got an argument that he's within distance and therefore could get a hold of the weapon. What consequence does the decision have not to arrest him when they could have to wait until later and see if they can find more? Well, Your Honor, I think this is why the case is recognized. We need to look at it not from 20-20 hindsight, but the situation the officers are in at the time as it's quickly unfolding. They do at that point have probable cause to arrest for possession of the restricted weapon, the knife. They have another passenger there. They're trying to dynamically figure out what to do. I think exercising less control and restraint by choosing not to arrest and handcuff him at that time while they're still trying to figure out what's happened and whether there are other weapons in the car, which they both believe is very possible in light of all the weapons they've already found and the histories of each of these occupants of the car. So for them to have deferred and try to continue figuring out if there's something in the car that's dangerous, if there's something on them that's dangerous, I think is reasonable under the circumstances. And there's really no evidence here that they were simply trying to manipulate the situation and kind of have an opportunity for a reasonable suspicion search by leaving Mr. Wilson out of custody. And, in fact, Mr. Smith was still out of custody. So even if they had detained Wilson or arrested Wilson and had him cuffed in the back of the patrol car, they still have the same potential concerns about Mr. Smith. Smith was eventually released at the scene. He was. He was. And allowed to drive the car away. That's correct. Can you address your inventory argument? It makes sense to me until I read the Portland Code, which doesn't seem to cover this situation. So what would happen under the Portland Code in this situation if the backpack, if Mr. Wilson were arrested, taken to the county jail, I assume, or the city jail, and what would happen with his backpack if they hadn't opened it? If that were the case, because of the nature of this backpack, which is, as you indicated earlier, is these little drawstring Nike backpacks, and I'm sorry there's not a photo of it, the backpack itself was there before the district court at the hearing, and we can make that available to the court if you wanted to see it. But it really is more like a purse or a fanny pack, as the inventory policy provides for. It's a small backpack with a little drawstring. People, students all over the country wear them all the time to carry their personal belongings and their valuables. Some judges use them to go to the gym with. I think I know. Yeah. This is not a big. It must be her, which I don't. Go ahead. I may not go to the gym at all. So which portion of the inventory policy would cover this Nike bag? So the inventory policy, which is set forth in the supplemental excerpts of record at 1, if the court looks at 14C.10.040 subsection C3c, it allows for or it requires in the district court if a court officer, Bryson, testified he would have to follow this policy, that inventories of the personal property and the possession of such persons, meaning people arrested and now in custody, will be conducted according to the following procedures under subsection 3. And little C, let's focus on what it says. It says little C, including but not limited to closed purses, closed coin purses, closed wallets, and closed fanny packs. We don't quite have any of those. So how do we know that the but not limited to would allow the inventory of this Nike bag, if you will? I think just based on the record we have, the nature of this backpack, it was right next to the defendant, it was at his feet in the back seat of the car. That doesn't have anything to do with the inventory policy, does it? If it were a suitcase, would they open it to inventory? No, Your Honor. And if it were a fanny pack, they would, apparently. So why is this closer to a fanny pack than a suitcase? Because the nature of the backpack, it's one of these small backpacks that's used specifically like a purse or fanny pack to carry money and or other small valuables. It's not really that small, is it? It's much larger than a purse. It's pretty small, and again, I'm sorry there's not a photograph in the record, but it's, you know, kind of a triangular shape. You wouldn't put it in your back pocket. That's correct. And you wouldn't hold it like a clutch. I mean, you basically wear it. That's correct. Much like a woman's purse. I mean, it's very comparable in size and dimension to several women's purses. The district judge did not make findings about this. That's correct, Your Honor. And so for you to prevail on this here, we'd have to find that as a matter of law, there would have been an inventory. That was the district court's finding, Your Honor, yes. The district court did make a finding on it or did not? No, it avoided doing that and did not want to decide that issue. Right. So for you to prevail on that issue here, we'd have to read this policy and say, as a matter of law, there would have been inventory, right? That's correct, Your Honor. Because we can't have an evidentiary hearing. That's correct. And that's why it's my backup argument. It's your backpack argument. Exactly. Thank you. So I think it's very clear on this record. The district court was not clearly erroneous in finding that at the time the officers searched the backpack, those two passengers, both the defendant and Mr. Smith, was definitely within the realm of possibility for them to get to the backpack. The officers had a reasonable suspicion that they were armed and dangerous, could get to the backpack, and out of fear for their personal safety as well as others in the parking lot that night, the search was reasonable. And we ask that the district court's order be affirmed. Do you have any further questions? All right. Thank you. Thank you very much. We'll do have some time. I don't remember how much, but we'll give you a minute. Thank you. First, on the inventory policy, it was not a foregone conclusion that Mr. Wilson would even have been arrested, but for the firearm that was found. So I think the inventory argument fails for that reason as well, and that it would require remand, if anything, for the court to be contemplating upholding the search on those grounds. But back to the Gantt issue, I think that this Court could be stronger in its holding about what Gantt requires, and that is a person unsecured, but still outside of reaching distance of the weapon, is not someone that the officers have to fear can reach into the bag and obtain a weapon. In other words, I don't think that they manipulated the rule by keeping him unsecured and on the curb. His being unsecured and on the curb meant he didn't pose a threat to them. They never said that they feared for their safety from those two men. Thank you. Thank you. Case 1630252 is submitted. And we thank counsel for your arguments. Thank you very much.
judges: N.R. Smith, Hurwitz, Curiel